2008 BNH 013
_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                          Bk. No. 07-11820-MWV
                                                                Chapter 13
Richard C. Sturgill and
Lisa B. Sturgill,
                    Debtors

Doris Balles,
                    Plaintiff

v.                                                              Adv. No. 07-1221-MWV

Richard C. Sturgill and
Lisa B. Sturgill,
                    Defendants


*Darlene M. Daniele, Esq.*
*Attorney for Plaintiff*

*Michael S Askenaizer, Esq.*
*LAW OFFICES OF MICHAEL S. ASKENAIZER, PLLC*
*Attorney for Defendants*


### MEMORANDUM OPINION

The Court has before it Richard C. Sturgill's and Lisa B. Sturgill's (together, the "Defendants")

motion to dismiss the complaint filed by Doris Balles (the "Plaintiff") pursuant to Federal Rule of Civil

Procedure 12(b)(6), and the Plaintiff's objection thereto.  In the complaint, the Plaintiff seeks to except

her unsecured claim in the amount of $83,000 under 11 U.S.C. § 523(a).[1]  On February 12, 2008, the

Court held a hearing on the motion and took the matter under advisement.  On September 4, 2008, the

Court granted the Defendants' assented to motion to supplement their motion to dismiss.  Subsequently,

the Defendants filed the supplement, and the Plaintiff filed her response.

_____

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of
the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and
Consumer Protection Act of 2005, Pub. L. No. 109-8.

<u>JURISDICTION</u>

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

<u>BACKGROUND</u>

The Plaintiff is the eighty-year old mother and mother-in-law of the Defendants.  In December 1977, the Plaintiff purchased certain real property located at 444 Greeley Street, Manchester (the "Property"), together with her husband and her son, John Balles.  From then, she and her husband began residing at the Property.  In April 2001, the Plaintiff's husband conveyed his interest in the Property to John Balles, and the Plaintiff and John Balles became co-owners of the Property.  In October 2004, the Plaintiff, John Balles, and the Defendants executed a purchase and sale agreement, and on November 4, 2004, the Plaintiff and John Balles conveyed the Property to the Defendants by a warranty deed.  The Plaintiff and her husband then continued to live at the Property with the Defendants.  In November 2005, the Plaintiff's husband moved to a nursing home, while the Plaintiff maintained her residence at the Property.

In September 2006, the Defendants served the Plaintiff with a "Notice to Quit" pursuant to N.H. Rev. Stat. Ann. § 540-B, which required the Plaintiff to vacate the Property by October 30, 2006. Subsequently, the Plaintiff commenced an action against the Defendants in the Hillsborough County Superior Court (the "Superior Court") for breach of oral contract and sought a temporary restraining order and preliminary injunction to prohibit the Defendants from evicting her from the Property.  The Superior Court entered a temporary restraining order in the Plaintiff's favor and then extended that order indefinitely until the Plaintiff found alternative housing.  Thereafter, in late 2006, the Plaintiff moved out of the Property.

On August 27, 2007, the Defendants filed a voluntary chapter 13 petition. On December 3, 2007, the Plaintiff initiated this adversary proceeding against the Defendants to except her estimated claim of $83,000 from discharge pursuant to 11 U.S.C. § 523(a).[2] In her complaint, the Plaintiff alleges that her claim arises from an oral agreement that the parties entered into in connection with the Property conveyance on November 4, 2004.[3] According to the complaint, the terms of that oral agreement were as follows: (1) the Property value was $210,000 at the time of the transfer, (2) the Plaintiff and John Balles agreed to convey the Property to the Defendants, and in return, (3) the Defendants agreed to pay $110,000 to John Balles; pay the Plaintiff between $25,000 to $35,000; and in lieu of paying the balance of the Property value to the Plaintiff, permit her and her husband to reside at the Property with the Defendants for the rest of their lives and care for them for the rest of their lives, including paying their bills and providing transportation. The Defendants in fact paid the Plaintiff $25,000, and it appears that the Defendants paid John Balles the $110,000.

## DISCUSSION

The Plaintiff asserts three counts in the complaint to except her claim from discharge under 11 U.S.C. § 523(a). Count I seeks an exception from discharge for false pretenses, false representation, or actual fraud pursuant to section 523(a)(2)(A). Count II seeks an exception from discharge for fraud while acting in a fiduciary capacity pursuant to section 523(a)(4). Count III seeks an exception from discharge for willful and malicious injury to the Plaintiff pursuant to section 523(a)(6). The Defendants move to

_____

[2] Subsequently, on December 13, 2007, the Plaintiff filed a corresponding proof of claim for the claim at issue, now asserting $85,000 as her claim. The Defendants have not objected to her proof of claim.

[3] The Plaintiff supplemented her complaint with an affidavit and several exhibits when she filed her objection to the Defendants' motion dismiss, which the Court will consider as part of her complaint. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

dismiss all three counts pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to

adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b).

### A.      Count III

On September 5, 2008, the Defendants filed a supplement raising additional grounds to dismiss

Count III.  Specifically, the Defendants argue that Count III is premature because exceptions from

discharge under section 523(a)(6) apply to debtors who have obtained a hardship discharge under 11

U.S.C. § 1328, and the Defendants here, have not sought a hardship discharge.[4]  On September 25, 2008,

the Plaintiff filed her response agreeing with the Defendants.  In her response, the Plaintiff requests the

Court dismiss Count III but permit her to assert the claim when and if the Defendants obtain a hardship

discharge.  The Court dismisses Count III, without prejudice, by agreement of the parties.

### B.      Rule 12(b)(6) Motion to Dismiss

This leaves the Court with the Defendants' motion to dismiss Counts I and II.  Under Rule

12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be

granted[.]"  Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  In ruling on a Rule 12(b)(6) motion to

dismiss, courts "must accept as true the well-pleaded factual allegations of the complaint" and "draw all

reasonable inferences therefrom in the plaintiff's favor[.]"  LaChapelle v. Berkshire Life Ins. Co., 142

F.3d 507, 508 (1st Cir. 1998).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 -65 (2007) (internal citations

omitted); Damon v. Moore, 520 F.3d 98, 102-03 (1st Cir. 2008).  To survive a Rule 12(b)(6) motion to

dismiss, factual allegations in the complaint "must be enough to raise a right to relief above the

---

[4] Section 523(a)(6) excepts a debt from discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).

speculative level" and cross the line between "possibility" and "plausibility" of entitlement to relief.  Bell Atlantic Corp., 127 S.Ct. at 1965-66; Notinger v. Costa (In re Robotic Vision Sys., Inc.), 374 B.R. 36, 43 (Bankr. D.N.H. 2007).  The focus of a Rule 12(b)(6) inquiry is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Gilbert v. Essex Group, Inc., 930 F.Supp. 683, 686 (D.N.H. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### 1.    Count I

In Count I, the Plaintiff seeks relief under section 523(a)(2)(A).  Section 523(a)(2)(A) excepts from discharge, debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]"  11 U.S.C. § 523(a)(2)(A).  To prevail under this section, the creditor must establish the following elements: "1) the debtor made a knowingly false representation or one made in reckless disregard of the truth, 2) the debtor intended to deceive, 3) the debtor intended to induce the creditor to rely upon the false statement, 4) the creditor actually relied upon the misrepresentation, 5) the creditor's reliance was justifiable, and 6) the reliance upon the false statement caused damage."  McCrory v. Spigel (In re Spigel), 260 F.3d 27, 32 (1st Cir. 2001) (citing Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997)).  When alleging fraud in a complaint, "a party must state with particularity the circumstances constituting fraud[.]"  Fed. R. Bankr. P. 7009(b).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Id.

The Court dismisses Count I because the Plaintiff fails to allege that the Defendants had the requisite scienter that must be established for relief under section 523(a)(2)(A).  To prevail under section 523(a)(2)(A), a plaintiff must show that the defendant intended to deceive the plaintiff at the time that the false representations were made.  Palmacci, 121 F.3d at 787.  Here, the complaint alleges that the Plaintiff relied on the Defendants' false representations that the she could live at the Property for the rest of her life with them caring for her, which caused her to transfer her interest in the Property to the Defendants for only $25,000.  However, the complaint fails to allege that the Defendants intended to deceive the Plaintiff

at the time they made these representations, namely, when the parties entered into the alleged oral agreement in October 2004, or at the time of the conveyance on November 4, 2004.  Instead, the complaint states that "[f]rom November 4, 2004 until sometime in 2006, the [Defendants] performed the parties' agreement."  (Compl. ¶ 9.)  Thus, the complaint indicates that the Defendants actually complied with the agreement terms for two years after the conveyance, which goes against any inference that the Defendants intended to deceive the Plaintiff.  Accordingly, the Court dismisses Count I for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).

### 2.    *Count II*

In Count II, the Plaintiff seeks relief under section 523(a)(4).  Section 523(a)(4) excepts debts incurred by the debtor's "fraud or defalcation while acting in a fiduciary capacity[.]"  11 U.S.C. § 523(a)(4).  This section is "aimed only at the express trust situation in which the debtor either expressly signified his intention at the outset of the transaction, or was clearly put on notice by some document in existence at the outset, that he was undertaking the special responsibilities of a trustee to account for his actions[.]"  Office of Pub. Guardian v. Messineo (In re Messineo), 192 B.R. 597, 599-600 (Bankr. D.N.H. 1996) (internal quotations omitted); see Collenge v. Runge (In re Runge), 226 B.R. 298, 305 (Bankr. D.N.H. 1998) (providing that the trust must have existed before the act creating the debt).  The definition of "fiduciary" for purposes of section 523(a)(4) is narrow and limited to relationships involving either express or technical trusts, not trusts that are imposed by the law as a remedy.  Weaver v. Weston (In re Weston), 307 B.R. 340, 343 (Bankr. D.N.H. 2004); see Peerless Ins. v. Swanson (In re Swanson), 231 B.R. 145, 148 (Bankr. D.N.H. 1999); In re Runge, 226 B.R. at 304; Bamco 18 v. Reeves (In re Reeves), 124 B.R. 5, 7 (Bankr. D.N.H. 1990).  The term "fiduciary" under section 523(a)(4) generally refers to a specific class of fiduciaries that has, in the past, included trustees of specific written declarations of trust, guardians, administrators, executors, and public officers.  In re Swanson, 231 B.R. at 148.

Here, the complaint does not allege that an express or technical trust existed among the parties.  To satisfy the "fiduciary" pleading requirement, the Plaintiff instead urges the Court to expand the

- 6 -

existing definition of "fiduciary" under section 523(a)(4) to include situations not involving such trusts.

She argues that the complaint sufficiently pleads a fiduciary relationship, rising to the level of one

required under section 523(a)(4), because it alleges that: (1) the Plaintiff is related to the Defendants, as

they are her daughter and son-in-law, and (2) she was handicapped and in her seventies when she

transferred the Property to the Defendants.  In support of her position, the Plaintiff relies on the First

Circuit's footnote in Rutanen v. Baylis (In re Baylis), 313 F.3d 9 (1st Cir. 2002), and the case of Farley v.

Romano (In re Romano), 353 B.R. 738 (Bankr. D. Mass. 2006).

The Court rejects the Plaintiff's position for the following reasons.  First, the "traditional

definition of a 'fiduciary' is not applicable in bankruptcy law[,]" and the "general meaning - a

relationship involving confidence, trust and good faith - is far too broad" for purposes of section

523(a)(4).  In re Reeves, 124 B.R. at 9.  Second, in Baylis, the First Circuit briefly noted:

> Some years ago, the Supreme Court noted that under § 523(a)(4), the exception for fiduciary
> capacity applies only to express trusts, and not to equitable trusts created by the debtor's conduct.
> *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 79 L.Ed. 393 (1934). Whether
> this continues to be so is in doubt. *See, e.g., Republic of Rwanda v. Uwimana* (*In re Uwimana*),
> 274 F.3d 806, 811 (4th Cir. 2001) (ambassadors are fiduciaries for countries they represent).

In re Baylis, 313 F.3d at 17, n.3.  Nonetheless, the First Circuit has not expanded the existing definition of

"fiduciary" under section 523(a)(4), and the law is clear in this jurisdiction that only express and technical

trusts lead to nondischargeable debts.  See In re Messineo, 192 B.R. at 599.  Third, the Romano case does

not help the Plaintiff's case.

In Romano, the court was confronted with the issue of whether a fifty-percent shareholder in a

closely held corporation owed a fiduciary duty within the meaning of section 523(a)(4) to the other

fifty-percent shareholder, where no express trust existed.  In rendering its decision, the Romano court

considered and applied the approach taken by the Seventh Circuit in In re Frain, 230 F.3d 1014 (7th Cir.

2000).  Under the Frain approach, "fiduciary capacity for purposes of § 523(a)(4) [can] be established by

the existence of a contract and substantial ascendancy of one shareholder over another as an alternative to

an express or technical trust."[5] In re Romano, 353 B.R. at 762-63; In re Frain, 230 F.3d at 1018-19. Although the Plaintiff would have the Court apply Frain's alternative approach to the instant case, the Court is guided by the longstanding rule that exceptions to discharge should be strictly and narrowly construed in furtherance of the Bankruptcy Code's "fresh start" policy, see In re Baylis, 313 F.3d at 17, and reads both the Frain and Romano cases as being limited to situations involving shareholders in closely held corporations.

The Court concludes that the Defendants' relationship to the Plaintiff as pled in the complaint does not constitute the fiduciary relationship required under section 523(a)(4).  Given the absence of any allegation of a technical or express trust in the complaint, the Court dismisses Count II for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  As the Court has already found grounds to dismiss all three counts, the Court need not and will not address the Defendant's argument based on the doctrine of judicial estoppel.

CONCLUSION

For the reasons set out herein, the Court grants the Defendants' motion to dismiss Counts I and II. The Court also dismisses Count III, without prejudice, by agreement of the parties.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate final judgment consistent with this opinion.

DATED this 8th day of October, 2008, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge

[5] The Romano court found that the requisite fiduciary relationship did not exist among the parties because the parties' shareholder agreements did not give the defendant more knowledge or power than the plaintiff, and the defendant did not hold a position of ascendency over the plaintiff.  353 B.R. at 764.